UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                              **Hon. Hugh B. Scott**

                              v.
                                                              07CR66A

                                                              **Order**

JOHN E. WEISBERG,

                              Defendant.

Before the Court are defendant's motion for reconsideration of the Order (Docket No. 17)

denying his earlier motion for disclosure (Docket No. 9[1]).

## BACKGROUND

Defendant was indicted on March 22, 2007, for four counts of willful failure to file tax

returns for tax years 2000-2003, in violation of I.R.C. § 7203 (Docket No. 1), a misdemeanor

with a fine of no more than $25,000, and imprisonment of up to one year, I.R.C. § 7203.  The

Government alleges that defendant, a chiropractor, had a gross income totaling over $225,000

(id. ¶¶ 2, 4).

*Defendant's Document Demands*

Defendant sought documents he believed are material to the preparation of his defense,

"which will principally center upon the defendant's retention of a tax protestor organization

known as American Rights Litigators ['ARL'] in early 1997 to represent his interests before" the

---

[1]In support of his motion, defendant filed his attorney's affirmation and exhibits, Docket
No. 18, reply, Docket No. 21.  In opposition, the Government filed its response, Docket No. 20.

Internal Revenue Service ("IRS" or the "Service") (Docket No. 10, Def. Memo. at 1).  Defendant

filed powers of attorney ten times with the IRS naming ARL as his agent, but the Service ignored

defendant's communications (id. at 1-2).  The discovery defendant sought would show how the

IRS treated similar non-filers and filers who used ARL or ARL's tax protest arguments in

opposing filing tax returns; defendant now argues that this mischaracterizes his argument

(Docket No. 21, Def. Reply at 2 n.1).

  The Government responded that it has produced seven boxes of documents for defense

review (Docket No. 12, Gov't Response at 7) and that the scope of defendant's present demands

were overbroad, seeking all IRS guidelines regarding handling of non-filer cases, all form letters,

memos, and other correspondence prepared by the IRS, and all Service memoranda, reports, and

other writings (up to April 2004) in response to ARL arguments (id. at 8-9).  The Government

argued that IRS guidelines, policies, and procedures for dealing with non-filers have nothing to

do with defendant's intent, the sole issue in his defense.  The Government further contended that

letters sent by the IRS to other taxpayers also are not probative of defendant's intent and IRS's

arguments in response to the ARL's positions are irrelevant.  (Id. at 12.)  The Government

concluded that these documents were privileged and exempt from disclosure as internal

government documents under Federal Rule of Criminal Procedure 16(a)(2) (id. at 16).

  This Court denied defendant's motion to compel (Docket No. 17).  Under the standard of

the United States Court of Appeals for the Second Circuit, Federal Rule of Criminal

Procedure 16(a)(1)(E)(i) entitles defendant only to production of documents necessary to prepare

for arguments in response to the Government's case-in-chief, United States v. Armstrong,

517 U.S. 456, 462 (1996); United States v. Rigas, 258 F. Supp. 2d 299, 306 (S.D.N.Y. 2003)

2

(Docket No. 17, Order at 4).  This Court noted that the <u>Armstrong</u> Court defined "defendant's defense" in the former version of Rule 16(a) to mean "the defendant's response to the Government's case-in-chief," 517 U.S. at 462, with the defense in the narrower role as "shield" "refut[ing] the Government's arguments that the defendant committed the crime charged," rather than the more aggressive "sword" role of challenging the prosecution's conduct of the case, <u>id.</u> Hence, the discovery sought had to be material in preparing a defense, with defendant bearing the burden of establishing a <u>prima facie</u> case for its materiality, <u>United States v. Stevens</u>, 985 F.2d 1175, 1180 (2d Cir. 1993); <u>United States v. Elliott</u>, 363 F. Supp. 2d 439, 449 (N.D.N.Y. 2005), and this Court having broad discretion in deciding what is and is not material, <u>see</u> 25 <u>Moore's Federal Practice</u> § 616.05[1][b][i], at 616-48 (3d ed. 2003) (Docket No. 17, Order at 4).  If a defendant seeks immaterial internal Government documents, the privilege under Rule 16(a)(2) precludes their disclosure, <u>Elliott</u>, <u>supra</u>, 363 F. Supp. 2d at 449.  Under <u>Stevens</u>, 985 F.2d at 1180, materiality is defined as material either countering the Government's case or bolstering a defense.  "Materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case.  There must be some indication that pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." <u>United States v. Maniktala</u>, 934 F.2d 25, 28 (2d Cir. 1991) (quoting <u>United States v. Ross</u>, 511 F.2d 757, 762-63 (5th Cir.), <u>cert. denied</u>, 423 U.S. 836 (1975)); <u>Elliott</u>, <u>supra</u>, 363 F. Supp. 2d at 449.

Defendant sought three classes of documents:  IRS guidelines regarding the handling of non-filers such as defendant; IRS form letters and other correspondence sent to non-filers; and IRS arguments to contentions raised by ARL.  Under either the <u>Stevens</u> standard (significant

3

alteration of quantum of proof in defendant's favor in either countering the Government's case or

bolstering defendant's) or the more liberal discovery standard from other Circuits, this Court

found that defendant failed to establish a <u>prima facie</u> case of materiality for these categories of

documents (<u>id.</u> at 8).  It was not clear whether IRS policies or forms of communication

applicable to non-filers are material to the elements of the offense charged against defendant,

namely whether he intended not to file his tax returns.  The initial Order found that the IRS

responses to ARL's arguments for other taxpayers was not material to the Government's case-in-

chief or the defense in this prosecution.  (<u>Id.</u>)  This Court rejected application of other Circuits'

more generous construction of materiality under Rule 16(a), <u>cf. United States v. Halpin</u>,

145 F.R.D. 447, 450 (N.D. Ohio 1992) (quoting <u>United States v. Gaddis</u>, 877 F.2d 605, 611 (7th

Cir. 1989) (per curiam)); <u>United States v. Lloyd</u>, 992 F.2d 348, 351 (D.C. Cir. 1993) (quoting

<u>United States v. Felt</u>, 491 F. Supp. 179, 186 (D.D.C. 1979)), and excluded impeachment as a

basis for materiality to compel the Government's production (<u>id.</u> at 5-9).

That Order also held in abeyance the Government's motion <u>in limine</u> (Docket No. 8) of

certain documents for tax years before those indicted in this case and denied defendant's cross-

motion (Docket No. 11) to produce <u>in limine</u> items (Docket No. 17, Order at 9-10, 11).

*Motion to Reconsider*

After entry of this Order denying defendant's relief, defendant moved for its

reconsideration (Docket No. 18).  He now argues that the Court overlooked Second Circuit

precedent on materiality under Rule 16(a)(1)(E)(<u>i</u>) and applied an overly narrow construction of

<u>Armstrong</u> and Circuit case law (<u>id.</u> Def. Atty. Affirm. ¶¶ 4, 9).  He contends that <u>Maniktala</u>

recognizes the impeachment value of materials as satisfying the materiality standard to compel

4

production, 934 F.2d at 28 (id. ¶ 20), and cites Magistrate Judge Foschio's decision in United

States v. Holihan, 236 F. Supp. 2d 255, 262 (W.D.N.Y. 2002), as recognizing the use of items to

impeach Government witnesses and hence holding that these items were material to the defense

(id. ¶ 21).  Defendant argues that this Court thus overlooks the impeachment value of the data he

seeks (id. ¶¶ 23-26).

The Government responds that the Court in Holihan, supra, 236 F. Supp. 2d at 266, found

the discovery would have a significant effect on defense and hence was material (Docket No. 20,

Gov't Response at 3, citing Holihan, supra, 236 F. Supp. 2d at 266, emphasis added).  In

Holihan, defendant was a bank employee charged with embezzlement and raised as a defense

that other bank employees had access to the computers that debited the accounts at issue.

Defendant intended to prove this by seeking production of "sign off" and "sign on" sheets for the

computers and suspicious activity reports for other employees, to use these documents to

impeach Government witnesses (Docket No. 20, Gov't Response at 3-4).  The Government

contends that Holihan showed materiality of the items sought and their centrality to the offense

charged (id. at 4).  The Government repeats the central issue in the present case is whether

defendant knew that he had a duty to file tax returns (id.).

The Government next argues that defendant fails to show how the sought after items are

material to any issue in this case (id. at 7).  The Government notes that it produced copies of

notices sent to defendant, including form responses (id. at 12, Exs. A, B), apparently similar to

the ones defendant seeks for third party non-filers.  The form letter asserts generally the

correctness of IRS's position, that others are misleading taxpayers to their detriment (possible

costs, penalties, interest, and/or criminal sanction), and declares that the Service "will not respond to future correspondence concerning these issues" (id. Ex. B).

In reply, defendant insists that he is not arguing that other non-filing taxpayers were treated differently from him (Docket No. 21, Def. Reply at 2 n.1).  Defendant replies that "evidence that the Internal Revenue Service mishandled its communication obligation with [defendant] as a non-filing taxpayer would not only speak to the dereliction of Internal Revenue Service personnel, but also to [defendant's] knowledge and intent, i.e., adding support to his contention [that] he was lulled into a false sense that the arguments advanced by American Rights Litigators ['ARL'] had merit," (Docket No. 21, Def. Reply at 2).  He outlines how the requested material would address the element of his knowledge or intent (id. at 3-5).  IRS guidelines would show the level of notice afforded taxpayers regarding their obligation to file and the weight that should be given the advice of tax protestor organizations (id. at 3).  IRS form letters would show the Service's position on what countervailing position or advice should be given to the taxpayer utilizing a tax protestor organization (id. at 4).  Published Service arguments against tax protestor organizations, like ARL, would be relevant to the Service's view to refute such arguments, even if defendant never received such responses (id.).

Responses to this motion for reconsideration were due by September 20, 2007, and any reply was due by September 27, 2007, with this motion deemed submitted (without oral argument) on September 27, 2007 (Docket No. 19).

**DISCUSSION**

I.      Reconsideration Standard

Rule 1 of the Federal Rules of Civil Procedure states that the Federal Rules of Civil Procedure "govern the procedures in the United States district courts in all suits of a civil nature," Fed. R. Civ. P. 1, while Rule 1 of the Federal Rules of Criminal Procedure "govern the procedure in <u>all criminal proceedings</u> in the United States district courts".

Neither the Federal Rules of Criminal Procedure nor this Court's Local Criminal Rules have an express provision for reconsideration of criminal Orders (<u>see</u> Docket No. 18, Def. Atty. Affirm. ¶ 6).  Defendant, however, cites Federal Rule of <u>Civil</u> Procedure 59(e) and a United States District Court for the Eastern District of New York decision that applied Rule 59(e) in a criminal case in the absence of a Criminal Procedure or local rule, <u>United States v. James</u>, No. 02CV778, 2007 WL 914242, at *3 (E.D.N.Y. Mar. 21, 2007) (Pollak, Mag. J.), <u>adopted</u>, <u>id.</u> at *2 (Johnson, Sr. Dist. J.) (<u>id.</u> ¶ 7).  The Eastern District of New York considered the merits of defendant's motion to reconsideration despite failing to follow that Court's local rules for motion practice for such motions because of the importance of the issues in a capital case, <u>id.</u> at *4, and still denied the motion to reconsider on its merits, <u>id.</u> at *4, *4-9.

The Government does not discuss the ability of this Court to reconsider its Order.  Absent a formal objection, the Court will reconsider its earlier Order.

II.     Document Production and Materiality

As previously noted, Rule 16(a)(1)(E)(<u>i</u>) (formerly Rule 16(a)(1)(C) prior to 2002 redesignation by the Advisory Committee) provides that

"<u>Documents and Objects</u>. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

"(i) the item is <u>material to preparing the defense</u> . . . ."

Fed. R. Cr. P. 16(a)(1)(E)(<u>i</u>) (emphasis added).

Defendant relies upon Magistrate Judge Foschio's decision declaring certain documents sought to impeach Government witnesses as being material under Rule 16(a)(1) and consistent with <u>Maniktala</u>, <u>Holihan</u>, <u>supra</u>, 236 F. Supp. 2d at 262 (citing <u>Maniktala</u>, <u>supra</u>, 934 F.2d at 28) (Docket No. 18, Def. Atty. Affirm. ¶ 21).  But the Second Circuit in <u>Maniktala</u> considered the impeachment value of the documents sought in that case and held that it was "less significant than appears at first glance," 934 F.2d at 28, so that court considered impeachment as possibly being material.

Here, the central issue is defendant's knowledge of his duty to file tax returns (<u>cf.</u> Docket No. 20, Gov't Response at 4), and defendant seeks documents on IRS guidelines regarding non-filers, form letters and like correspondence sent by the Service to other non-filers.  These items may be material to defendant's knowledge.  Since defendant retained ARL, arguments of the IRS opposing positions taken by ARL may also be relevant to defendant's knowledge of his filing obligation.  ARL's advice (in light of IRS opposition) may have informed defendant and became a factor in his knowledge of his filing duty.

The materiality standard, however, is whether these items significantly alter the quantum of proof in defendant's favor, <u>Maniktala</u>, <u>supra</u>, 934 F.2d at 28; <u>see</u> <u>Stevens</u>, <u>supra</u>, 985 F.2d at 1180.  The only way these items alter that quantum of proof here is if the Service's positions

regarding non-filers and those taxpayers advised by tax protestors had some impact on defendant's knowledge or intent with regard to his own tax situation.  Hence, the documents produced by the Government of the correspondence <u>sent to defendant</u> is material and relevant. The documents defendant seeks regarding boilerplate form letters and Service guidelines sent to others, however, would not alter the quantum of proof as to <u>defendant's</u> knowledge.

Defendant's arguments in reply (Docket No. 21, Def. Reply at 3-5) focus on what the Service did or did not do with other non-filers as somehow being material to defendant's knowledge, even though he did not know of the Service's responses.  He focuses on the Service's responses to tax protestor organizations positions (through actual arguments made in response to them, form correspondence, and Service guidelines), without showing how Service practices and policies affected defendant's knowledge or intent.  Defendant admits, as to these published Service responses to tax protestor organizations' arguments, that defendant was not aware of the Service's responses, yet he seeks disclosure of them as the Service's need to respond is somehow relevant to <u>defendant's</u> knowledge or intent.  He does not explain how this last category would be material to his knowledge or intent, save that having that knowledge would have helped him in assessing the merits of the position taken by ARL (<u>see id.</u> at 4-5).  In reply, he argues that the Service's position regarding ARL and like entities' arguments is relevant to the reasonableness of defendant's reliance on ARL (<u>id.</u> at 6).  But the missing aspect to move the quantum of proof of the Service's position to make it sufficiently material for disclosure is defendant's knowledge of that position.  Given defendant's discovery demands, it appears that he was not fully aware of the IRS's stance (<u>cf. id.</u> at 4 n.2, not conceding that defendant received the form letters the Government now produces), so whatever the Service's position may be does not affect

9

defendant's knowledge or intent.  The offense charged involves the willful failure to file returns, see I.R.C. § 7203.  The Government thus needs to show that defendant failed to file returns and willfully failed to do so, see United States v. Klein, 438 F. Supp. 485, 486 (S.D.N.Y. 1977); United States v. Thompson, 230 F. Supp. 530 (D. Conn.) (failure to file was a knowing and willful failure), aff'd, 338 F.2d 997 (2d Cir. 1964).  Under § 7203, "a 'knowing' failure is one which is voluntary and purposeful, and not caused by mistake, inadvertence or other innocent reason.  Within this same context a 'wilful' failure is one which is voluntary, purposeful, deliberate and intentional, as opposed to one which is accidental, inadvertent, or careless, " Thompson, supra, 230 F. Supp. at 532 (citations omitted).  So defendant has to show that the quantum of proof against either element of knowledge or intent is altered by production of these IRS materials regarding its internal procedures regarding other non-filing taxpayers or those relying upon the advise of tax protestor organizations.  Unlike Holihan, relied upon by defendant, the discovery sought here will not alter that quantum of proof to be sufficiently material to require its disclosure under Rule 16(a).

## CONCLUSION

For the reasons stated above and following further consideration, defendant's motion for reconsideration (Docket No. 18) of the Order (Docket No. 17) denying his earlier motion for disclosure (Docket No. 9) is **denied**.

So Ordered.

/s/ Hugh B. Scott

Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       October 12, 2007

10