UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                 **Hon. Hugh B. Scott**

v.

                                                 07CR66A

                                                  **Order**

JOHN E. WEISBERG,

                Defendant.

      Before the Court are various motions <u>in limine</u> by the Government (Docket No. 40) and to quash subpoena duces tecum upon the Commissioner of Internal Revenue ("Commissioner") (Docket No. 41[1]) and defendant's motion <u>in limine</u> (Docket Nos. 34, 43). These motions are related to defendant's overall contention in this case–that he relied upon the advice of others and that the Internal Revenue Service ("IRS") disregarded those parties when they sought an explanation of defendant's duty to file. This Order addresses the Government's motion to quash the subpoena (Docket No. 41).

      Jury selection for this trial will begin on January 30, 2008. Also pending is the Government's initial motion <u>in limine</u> (Docket No. 8) seeking leave to introduce defendant's 1995-99 tax and financial records.

---

[1] Included with this motion is the Government's exhibit, Docket No. 41, Ex. A, a copy of the subpoena at issue, and its response, Docket No. 59, at 18-25.
    In opposition to this motion is defendant's motion <u>in limine</u>, Docket No. 43, Notice of Motion at 2; Docket No. 43, Def. Atty. Affirm. ¶¶ 37-43, Exs. D, E; his response, Docket No. 51; <u>see also</u> Docket No. 35, Def. Pretrial Memo.

**BACKGROUND**

Defendant was indicted on March 22, 2007, on four counts of willful failure to file tax returns for tax years 2000-2003, in violation of I.R.C. § 7203 (Docket No. 1, Indictment), a misdemeanor with a fine of no more than $25,000, and imprisonment of up to one year, I.R.C. § 7203.  The Government alleges that defendant, a chiropractor, had a gross income totaling over $225,000 (id. ¶¶ 2, 4) and willfully failed to file tax returns.

In discovery, defendant sought production of the items it now seeks in the subpoena (Docket No. 9).  Defendant sought three classes of documents:  IRS guidelines regarding the handling of non-filers such as defendant; IRS form letters and other correspondence sent to non-filers; and IRS arguments to contentions raised by American Rights Litigators ("ARL"), the organization defendant granted power of attorney for tax matters in the years at issue.  Defendant argued that these documents were material to the preparation of his defense, "which will principally center upon the defendant's retention of a tax protestor organization known as American Rights Litigators ['ARL'] in early 1997 to represent his interests before" the Internal Revenue Service ("IRS" or the "Service")" (Docket No. 10, Def. Memo. at 1).  Defendant filed powers of attorney ten times with the IRS naming ARL as his agent, but the Service ignored defendant's communications (id. at 1-2).  The discovery defendant sought would show how the IRS treated similar non-filers and filers who used ARL or ARL's tax protest arguments in opposing filing tax returns.  The Court held that defendant failed to establish the materiality of the documents sought under Federal Rule of Criminal Procedure 16 for pretrial disclosure (Docket No. 17, Order of Aug. 21, 2007, at 8-9).  In particular, the Court found that

> "Although not asserting a selective prosecution argument, defendant contends that the IRS, through its guidelines and other policies, may have responded to non-filers in a certain way while not responding to defendant's repeated inquiries (either by him or through ARL) (see Docket No. 10, Def. Memo. at 3). It is not clear whether IRS policies or forms of communication applicable to non-filers are material to the elements of the offense charged against defendant, namely whether he intended not to file his tax returns. As for IRS responses to ARL's arguments for other taxpayers, again it is not material to the Government's case-in-chief or the defense in this prosecution. The fact that the Service may have responded to ARL's arguments for others has no bearing on defendant in this action."

(Id.) That motion was denied (Docket No. 17) and upon reconsideration (Docket No. 22). The latter Order did note that some aspects of defendant's discovery was relevant to the ultimate issue of his mens rea, such as IRS guidelines for dealing with those who question the filing of tax returns and IRS responses to arguments raised by ARL (Docket No. 22, Order at 8; Docket No. 43, Def. Atty. Affirm. ¶ 39).

   In his subpoena, defendant sought

   (1) All written guidelines, circulars and/or instructions of the Internal Revenue Service in effect from January 1, 1996 through April 15, 2004 relating to how Service personnel should respond to non-filer communications.
   (2) All written guidelines, circulars and/or instructions of the Internal Revenue Service in effect from January 1, 1996 through April 15, 2004 relating to how Service personnel should respond to non-filer communications from individuals or entities identified by the IRS as tax protesters.
   (3) All form letters, memos and other correspondence of the Internal Revenue Service utilized by the IRS from January 1, 1996 through April 15, 2004 in responding to non-filer communications.
   (4) All form letters, memoranda, and other correspondence of the Internal Revenue Service utilized by the IRS from January 1, 1996 through April 15, 2004 in responding to non-filer communications from the tax protestor organization known as American Rights Litigators ("ARL")
   (5) All non-internal memoranda, reports or other writings disseminated to the public on or before April 15, 2004 by the Internal Revenue Service in response to non-filing arguments raised by the tax protester organization known as American Rights Litigators ("ARL").

(Docket No. 43, Def. Atty. Affirm. Ex. D.)

The Government moves to quash under Federal Rule of Criminal Procedure 17(c)(2), arguing that this material was denied as discovery under Rule 16 and the subpoena process should not be used as a discovery device (Docket No. 41, Gov't Motion at 2). Defendant filed opposing papers (Docket Nos. 43, 51), and the parties argued the motion during the final pretrial conference on January 25, 2008 (see Docket No. 26), and the Court deemed the motion submitted as of that date. At the final pretrial conference, defendant offered to concentrate his demand to only the IRS guidelines (Docket No. 43, Def. Atty. Affirm. Ex. D, demand number 1).

## DISCUSSION

Government Motion to Quash Defendant's Subpoena Duces Tecum

Defendant moved for discovery of documents on the IRS's treatment of those questioning the filing requirement and other taxpayers who relied upon ARL (Docket No. 9) and, on reconsideration, the Court denied defendant's discovery requests but noted the possible materiality of the same items sought (Docket No. 22, Order Oct. 12, 2007, at 8; see Docket No. 43, Def. Atty. Affirm. ¶ 39). "In reliance upon this recognition by the Court, the defense had caused a subpoena duces tecum to be served upon the Commissioner of the Internal Revenue Service" seeking production of the same documents (Docket No. 43, Def. Atty. Affirm. ¶ 40, Ex. D; Docket No. 41, Gov't Motion, Ex. A). The Government's Jencks Act production revealed two draft letters destined to defendant similar to the ones sought by defendant in discovery (Docket No. 43, Def. Atty. Affirm. ¶ 41, Ex. E). Defendant concludes that such data therefore exists and his earlier discovery requests for it was not a fishing expedition, therefore the subpoena should be enforced (id. ¶¶ 42-43; Docket No. 51, Def. Response at 1-2).

A subpoena may order a witness to produce documents and Rule 17(c)(2) provides that a trial judge may, upon motion, quash or modify a subpoena if compliance would be unreasonable or oppressive, Fed. R. Crim. P. 17(c)(1), (2). Rule 17 requires a showing of relevance and admissibility, which the Government concludes defendant has not and cannot show (Docket No. 41, Gov't Motion at 12-15). Relying on the Orders denying defendant discovery of these materials (Docket Nos. 17, 22; Docket No. 41, Gov't Motion at 10-12, 16), the Government argues that defendant cannot show that the items sought by subpoena are material because "the defendant was not aware of IRS policies and how other taxpayers were responded to, the materials [sought] are simply not relevant to his state of mind, and thus has no bearing on the issues in this case" (Docket No. 41, Gov't Motion at 12). The Government contends that the defense asserted here is to put the IRS on trial rather than focus on defendant's own mens rea (id. at 16-17) and the IRS's state of mind is not at issue (id. at 17) and is irrelevant.

Defendant replies that this Court's reconsideration Order found that some of the material sought was material to defendant's knowledge and the IRS's positions against arguments of ARL also may be relevant to defendant's knowledge (Docket No. 51, Def. Response at 1, 4). He distinguishes Rule 16 (and its standard of materiality) from Rule 17 (and its standards of evidentiary value and relevance) (id. at 2).

Subpoenas may be quashed where defendant has failed to show relevance, admissibility, and specificity, United States v. Nixon, 418 U.S. 683, 700 (1974). Like Rule 16 materiality, relevance under Rule 17 must be either to the Government's case or a valid defense and not merely to impeach a witness, see id. at 700 (upholding district court's denial of motion to quash subpoena for release of President Nixon's tapes) (Docket No. 41, Gov't Motion at 14).

5

Here, both sides point to the earlier Orders of this Court denying disclosure of these materials under Rule 16 under its materiality standard. As was found previously (Docket No. 22, Order at 8), the key issues are defendant's knowledge and willfulness in failing to file tax returns. The IRS guidelines as to how it contends with similar non-filing taxpayers may be material to defendant's knowledge (see id.) by comparison of the IRS standard to defendant's understanding. Arguments posited by defendant's agent, ARL, to the IRS and the IRS's responses to them were also deemed material (see id.). But the Court at that time deemed that this materiality did not "alter the quantum of proof here," (id. at 8-9), especially as to IRS correspondence with other non-filers (id. at 10).

The issue now before the Court is the relevance, admissibility, and specificity under Rule 17 of these items. The sought material shifts from defendant's non-filing to IRS practices regarding non-filing in general and, to a degree, the positions advocated by ARL[2]. It is not unreasonable or oppressive for the IRS to produce its guidelines for dealing with non-filers. The Government stated during the final pretrial conference that compliance with the subpoena may take weeks, but the Government did not specify which demand or demands were time consuming or why the subpoena was otherwise oppressive. Thus, the Government's motion to quash so much of the subpoena addressing production of its guidelines (Docket No. 43, Def. Atty. Affirm. Ex. D, demands 1, 2) is **denied**.

As for the remaining demands for IRS form letters, correspondence sent from 1996 to 2004 to or regarding non-filers or ARL (id., demands 3-5), how the IRS dealt with other non-

---

[2]As a result, this case is shifting from defendant and his inaction to a trial of these institutional entities.

filers or interacted with ARL is not relevant to how it dealt with defendant. Defendant specifically avoided making a selective prosecution defense, thus how the IRS dealt with similarly situated non-filers as compared with defendant would be relevant to that defense and is less relevant to the present defense. Having the IRS produce its responses to ARL will turn this trial from one about defendant's in action into a test of the viability of ARL and IRS's arguments. ARL is not being prosecuted here and its argument for other persons (also not being prosecuted here) is not relevant to this case. Also, under I.R.C. § 6103(h)(4), disclosure of these non-parties' tax information (such as IRS communication with them or their representative, ARL) may occur only if "the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding" or "if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding," id. § 6301(h)(4)(B), (C). Here, the defense's argument for producing these non-parties' records (that he relied upon arguments that the IRS did not refute and the IRS did not inform him of the Service's dismissive posture toward such arguments or their source, ARL) is too attenuated from defendant to justify the production. Therefore, the Government's motion to quash the subpoena as to demands 3, 4, and 5 are **granted**.

## CONCLUSION

For the reasons stated above, the Government's motion to quash the subpoena duces tecum served upon the Commissioner of Internal Revenue (Docket No. 41) is **granted in part** (compelling production at trial of IRS guidelines, defendant's first and second demands) but **denied in part** (as to the balance of the subpoena demands).

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 28, 2008