UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                      v.

JOHN E. WEISBERG,

                      Defendant.

**Hon. Hugh B. Scott**

07CR66A

**Order**

Before the Court is the Government's first motion in limine (Docket No. 8[1]).  An earlier Order (Docket No. 17) deferred until trial ruling upon this motion (id. at 9-10).  Jury selection and trial commenced on January 30, 2008.  Also pending are the Government's second motion in limine (Docket No. 40), its motion to quash the subpoena duces tecum served upon the Commissioner of Internal Revenue (Docket No. 41), and defendant's own motion in limine (Docket Nos. 43, 34[2]).

## BACKGROUND

Defendant was indicted on March 22, 2007, on four counts of willful failure to file tax returns for tax years 2000-2003, in violation of I.R.C. § 7203 (Docket No. 1, Indictment), a misdemeanor with a fine of no more than $25,000, and imprisonment of up to one year, I.R.C.

---

[1] In support of this motion in limine, the Government filed its response, Docket No. 14.
    In opposition to this motion in limine, is defendant's cross-motion, Docket No. 11, a reply, Docket No. 16, and defendant's own motion in limine, Docket No. 43, Def. Atty. Affirm. ¶¶ 33-36.

[2] The initial moving papers were not signed, hence presenting electronic filing problems.

§ 7203. The Government alleges that defendant, a chiropractor, had a gross income during that period totaling over $225,000 (id. ¶¶ 2, 4) and willfully failed to file tax returns.

*Motion in Limine*

The Government first moved to permit it to introduce "evidence of defendant's pattern of disregard for his federal income tax obligations" for tax year 1995 through tax year 2003, including charged tax years 2000 through 2003 (Docket No. 8, Gov't Motion at 1). The Government seeks to introduce defendant's failure to file returns in non-charged years 1995 to 1999 (id.). While defendant did not oppose granting the motion in limine, he cross-moved for particularization of the evidence the Government intended to introduce regarding the pre-charged tax years (see Docket No. 11). The Government responded to the cross-motion that it should be denied since it provided adequate notice of the nature of the Rule 404(b) evidence it intends to introduce and the cross-motion seeks to identify the Government's witnesses (Docket No. 14, Gov't Response at 1).

Defendant replies that the Government incorrectly applied the standard for Rule 404(b) in its motion in limine and defendant reiterates his need for further particularization (Docket No. 16, Def. Reply at 1-2; Docket No. 43, Def. Atty. Affirm. ¶ 36). He contends that the Government's response introduces its intent to introduce evidence of the use of sham trusts without further specification (Docket No. 16, Def. Reply at 2-3). Later, defendant argues that the Government intends to introduce not only his purported failure to file from 1995 but also his participation in trust system in the mid-1990s (Docket No. 43, Def. Atty. Affirm. ¶ 33).

*Trial*

The Government later filed its exhibit list which contains numerous documents involving defendant's tax filings or financial records for tax years 1995 to 1999 (see Docket No. 25), arguably subject to its motion in limine. In its pretrial memorandum (Docket No. 39), the Government contends that the pre-2000 documents can be divided into the period when defendant filed returns (in 1990 to 1994), followed by a period when defendant established trusts the Government argues were abusive and techniques to hide his assets (see id. at 15-32). The sham trust scheme required defendant to file returns to reflect the claimed deductions and extensions of time to file (id. at 17-18), reinforcing the notion that filing of returns was required by law (id. at 17). Included in the 1995-99 documents are evidence of defendant purportedly rejecting accountant's and attorney's advice as to the sham nature of these trusts (id. at 19-21) and defendant joining ARL in 1997 (id. at 21-22). The documents present ARL's correspondence on behalf of defendant resisting filing returns and ARL's tactics in avoiding tax liability (id. at 22-25). Also included are notices from the IRS from 1997 indicating that defendant was obliged to file for the 1995 tax year (and subsequent tax years) and defendant's responses (id. at 27-32).

## DISCUSSION

I.   Motion in Limine

In its motion in limine (Docket No. 8), the Government seeks leave of the Court to introduce evidence of defendant's pattern of not filing tax returns and generally evading paying income taxes for years prior to the ones subject to this indictment. Defendant, in turn, cross-moved for disclosure of the evidence the Government intends to introduce (Docket No. 11).

Since the Indictment charges a misdemeanor, see I.R.C. § 7203, this case will be tried by the undersigned, see 18 U.S.C. § 3401(a); see also 28 U.S.C. § 636(a)(3), and, therefore, the motion in limine will be considered. This Court denied defendant's cross-motion to disclose this evidence and held in abeyance until now the Government's motion (Docket No. 17), holding that, before deciding the Government's motion in limine, the evidentiary record and context for this evidence needed to be fleshed out at trial and, within the proper context, the Court could assess whether the prejudice of this evidence outweighs it probativeness, see Fed. R. Evid. 403 (id. at 10).

Defendant argued, in his cross-motion to produce particularization of the evidence the Government intends to offer, that the Government's in limine motion "was too vague to enable the defense or the Court to properly perform the analysis contemplated in [Fed. R. Evid.] 403, when read in conjunction with [Rule] 404(b)" (Docket No. 11, Def. Atty. Affirm. ¶¶ 9, 15). The Government countered that its has supplied adequate notice to defendant of the nature of its Rule 404(b) evidence and produced records surrounding defendant's non-charged tax years, namely defendant's knowing use of sham trusts in the late 1990s in his state tax returns and drafted (but not filed) federal returns (Docket No. 14, Gov't Response at 2-3). The Government seeks to show with the pre-charged tax year returns a pattern of tax evasion by defendant (see id. at 3). The Government claimed that defendant does not object to the admission of this Rule 404(b) evidence and that the motion in limine should be granted (id. at 1), although defendant raised the admissibility question under Rule 403. The Government argued that under Rule 404(b) it need only provide reasonable notice in advance of trial of "the general nature" of that evidence (id. at 4, quoting Fed. R. Evid. 404(b), emphasis added). The Government

alternatively argues that if an additional evidentiary foundation is required before ruling on its motion in limine, then the motion should be held under advisement until it hears such additional foundation (id.). Defendant replies that this response introduces new items, furthering his need for particularization of the evidence the Government intends to use (Docket No. 16).

      Here, the Government's pretrial memorandum and trial exhibit list outlines how it intends to use the sought pre-Indictment period documents. First, the Government needs to establish that defendant knew his obligation to file, and shows that from the 1990-94 documents (including filed returns during this period). Next, the Government attempts to show defendant's knowledge and willfulness in erecting allegedly abusive trust schemes in 1995-99 and later retaining ARL and following its suggested correspondence with the IRS to challenge the Service's authority to require defendant's compliance. The Government may introduce evidence on these issues, but under Federal Rule of Evidence 403, this evidence must be balanced against its possible prejudice, confusion of issues (here discussing uncharged sham trusts in a failure to file case), misleading the jury, and prevention of needless cumulative evidence. While generally, this evidence may be admitted, when cumulatively it takes this case too far afield (making it, for example, a trial of ARL rather than defendant or a trial of uncharged sham trusts), it will be curtailed.

## CONCLUSION

For the reasons stated above, the Government's first motion in limine (Docket No. 8) is **granted** within the limitations stated above.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 29, 2008