UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                     **Hon. Hugh B. Scott**

           v.

                                                     07CR66A

                                                     **Order**

JOHN E. WEISBERG,

                 Defendant.

Before the Court are various motions <u>in limine</u> by the Government (Docket No. 40[1]) and to quash subpoena duces tecum upon the Commissioner of Internal Revenue (Docket No. 41) and defendant's motion <u>in limine</u> (Docket Nos. 34, 43[2]). These motions are related to defendant's overall contention in this case–that he relied upon the advice of others and that the Internal Revenue Service ("IRS") disregarded those parties when they sought an explanation of defendant's obligation to file. The Court separately addressed the Government's motion to quash the subpoena (Docket Nos. 41, 61).

---

[1] In support of this motion is the Government's trial brief, Docket No. 39, its moving papers in discovery motions, and the motion to quash the subpoena, Docket No. 41.
    In opposition, defendant filed his response, Docket No. 54; <u>see also</u> Docket No. 57, Def. Response to Gov't Pretrial Statement.

[2] Since the initial moving papers were not signed, there were electronic filing issues, Court **terminated** Docket No. 34, and will decide Docket No. 43.
    In support of this motion is Defendant's Pretrial Memorandum, Docket No. 35, and counsel's affirmation with exhibits, Docket No. 43.
    In opposition, the Governhent filed its response, Docket No. 59.

Jury selection for this trial will begin on January 30, 2008. The Court also decided the Government's initial motion <u>in limine</u> (Docket No. 8) seeking leave to introduce defendant's 1995-99 tax and financial records (Docket No. 65).

**BACKGROUND**

Defendant was indicted on March 22, 2007, on four counts of willful failure to file tax returns for tax years 2000-2003, in violation of I.R.C. § 7203 (Docket No. 1, Indictment), a misdemeanor with a fine of no more than $25,000, and imprisonment of up to one year, I.R.C. § 7203. The Government alleges that defendant, a chiropractor, had a gross income totaling over $225,000 (<u>id.</u> ¶¶ 2, 4) and willfully failed to file tax returns.

The particular background for each motion will be discussed below.

**DISCUSSION**

I.  Defendant's Motion <u>In Limine</u>

Defendant seeks to exclude evidence of legal advice given to him; evidence of tax data related solely to his wife and daughters; any reference to defendant's bankruptcy; and limit the quantity of defendant's 1995-2003 banking records that will be introduced at trial (Docket No. 43, Notice of Motion, at 1[3]). Defendant wants the Government's statements in a related civil proceeding to constitute a party opponent admission (<u>id.</u>).

Defendant argues for reasonable latitude for cross-examination (Docket No. 35, Def. Memo. at 4-6).

---

[3]Defendant also asserted attorney-client privilege to exclude testimony about two attorneys who advised defendant. At the final pretrial conference, defendant conceded this argument.

During the final pretrial conference on January 25, 2008, the parties announced that defendant is acquiescing in the Government's argument regarding the claim of attorney-client privilege and defendant is dropping that motion.

A.     Wife and Daughters' Tax Data

Defendant argues that the Government's exhibits include tax information for defendant's wife, who filed separately, and his daughters (Docket No. 43, Def. Atty. Affirm. ¶¶ 6-9), concluding that these exhibits are not relevant to this case (id. ¶ 10) and may reveal otherwise confidential tax information, I.R.C. § 6103(h) (id. ¶ 11). The Government argues that his wife's and daughters' tax records are highly relevant because defendant directed the preparation of his wife's and daughters' returns (Docket No. 59, Gov't Response at 6-7, 9). The Government contends that defendant prepared his family members' returns while not doing his own (see id. at 6-10). Further, the Government concludes that I.R.C. § 6103 precludes disclosure of tax information by the Treasury or IRS only and does not apply here (id. at 10). During the final pretrial conference, the Government offered to stipulate to the contents of the children's returns.

The fact that defendant may have been involved in preparing these exhibits is relevant to charges that defendant willfully failed to file in 2000-03 given the Government's allegation of defendant's participation in his family members' tax preparation. Whether it is necessary to produce these documents themselves, with confidential and otherwise collateral information, is the issue. Production of the actual returns is not necessary to establish the Government's contention that defendant had knowledge of the filing requirement sufficient to make sure his family member filed and the willfulness as to his personal conduct in not filing while ensuring

the filing of others.  His wife and daughters' returns should not be introduced in defendant's trial.  Therefore, defendant's motion to exclude these exhibits is **granted**.

  B.  Defendant's Bankruptcy

Next, defendant seeks to exclude references to his 1994 bankruptcy (Docket No. 43, Def. Atty. Affirm. ¶¶ 12-14, Ex. B), as irrelevant to this action (id. ¶ 15).  The Government believes that this bankruptcy may be relevant to develop defendant's motivation for ultimately not filing his tax returns (Docket No. 59, Gov't Response at 12).

The time period in the Indictment is almost a decade after defendant's bankruptcy and reference to the bankruptcy would be prejudicial and distracting.  Defendant's motion to exclude these references is **granted**.

  C.  Limitation on Use of Defendant's Bank Records

Defendant notes the extensive volume of Government exhibits, ten of eighteen binders of documents consisting mostly of defendant's bank records from 1995 to 2003, for a prosecution for tax years 2000 to 2003 (id. ¶¶ 16-18, 24).  Defendant has offered to stipulate to his fees for chiropractic services during the tax years (id. ¶ 19).  Defendant believes that the Government will call three accountants to testify as to defendant's finances from 1995 to 2003 (id. ¶ 21).  Under Federal Rule of Evidence 403, defendant argues that this evidence should be excluded because it will serve to confuse the jury or waste trial time (id. ¶ 23) and the Government should use more time efficient methods to establish defendant's filing obligation (id. ¶ 24).  The Government responds that bank records corroborate defendant's income and are common in tax prosecutions (Docket No. 59, Gov't Response at 13).

During the final pretrial conference, the parties discussed possibly stipulating to summaries of the bank records. If such a stipulation can be reached, the jury then would not have to wade through extensive bank records. Any effort to streamline and simplify the proof in this case is desired.

  E. Government's Characterizations of American Rights Litigators as Admission of Party Opponent

Finally, defendant argues that the Government's description of customers of American Rights Litigators ("ARL") as victims of that organization should be an admission of a party opponent. He cites to the Government's civil brief in a Middle District of Florida action against the founders of ARL in which ARL customers are referred to as its victims (Docket No. 43, Def. Atty. Affirm. ¶¶ 26-28, 29-30, Ex. C, United States v. Kahn, et al., No. 5:03cv436 (M.D. Fla.), U.S. Br. at 1, 9-10 (cited as pages 5, 13-14 in defense's affirmation); see also Def. Tr. Ex. 9). Defendant also was a customer of ARL and relied upon its advice regarding his filing obligation (Docket No. 43, Def. Atty. Affirm. ¶¶ 25, 28, 31). He argues that the Government is susceptible to Federal Rule of Evidence 801(d)(2) to admit these statements as party opponent admissions to show the inconsistency between ARL customers as "victims" and defendant as knowingly using frivolous arguments for his own advantage (id. ¶ 32; Docket No. 35, Def. Memo. at 9).

The Government argues that defendant misapplies the standard for admission of a party opponent by construing the statements made in Kahn as admissions in this case. The Government explains that the statement in Kahn that ARL's clients were "unwittingly" duped by ARL does not mean that all ARL clients were duped. (Docket No. 59, Gov't Response at 16.)

5

The admission of a party opponent is a definitional exception from the hearsay rules, to allow an opponent to admit an otherwise hearsay statement, see Fed. R. Evid. 801(d)(2).  First, the statement in Kahn that ARL's clients were "victims" is inconsistent with the Government's contention that defendant knowingly engaged and followed ARL's advice.  Cf. United States v. Salerno, 937 F.2d 797, 811 (2d Cir. 1991).  The Government may refute the defense characterization of Kahn and argue to the jury the consistency of its position in these two cases (cf. Docket No. 59, Gov't Response at 15-18).

Defendant's motion on this ground is **granted**.

II.     Government's Second Motion In Limine

The Government seeks to preclude the defendant from questioning witnesses or arguing to the jury points about how the IRS handled defendant's case as opposed to other taxpayers (especially others who relied upon the advice of ARL and American Asset Protection ("AAP")) (Docket No. 40; see Docket No. 35, Def. Memo. at 2).  The Government concludes that these points turn the jury's focus away from the defendant's state of mind, the chief issue in this case (Docket No. 40, at 2).

Defendant responds that the Government's motion would curtail his right to cross-examination and his right to confront witnesses (Docket No. 54, Def. Response at 1).  Defendant seeks this material to explore the credibility of IRS personnel, demonstrate any bias or hostility of the IRS witnesses, and to demonstrate the lack of defendant's willfulness in not filing (id. at 2-3).

The key element in 26 U.S.C. § 7203 is whether the defendant willfully failed to file his tax returns.  How the IRS dealt with other taxpayers or tax protestors (or even other clients of

6

ARL) is not relevant to defendant's intent.  Therefore, the Government's motion in limine here is **granted**.

## CONCLUSION

For the reasons stated above, the Government's second motion in limine (Docket No. 40) is **granted**.  Defendant's motion in limine (Docket Nos. 43, 34) is **granted in part, denied in part** as described above.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
    January 29, 2008