UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**Hon. Hugh B. Scott**

v.                                                        07CR66

(CONSENT)

JOHN E. WEISBERG,                                **Order**

Defendant.

Before the Court is defendant's motion (Docket No. 111[1]) for reconsideration of the

Order (Docket No. 110, Order of July 23, 2008, <u>filed</u> July 31, 2008) denying either a downward

departure from the Sentencing Guidelines or a non-Guidelines sentence.  Familiarity with that

Order (Docket No. 111) as well as an earlier Order regarding sentencing (Docket No. 95) is

presumed.

The Government's response (Docket No. 114) was due on August 20, 2008 (Docket

No. 113).  Sentencing was adjourned to August 27, 2008, following resolution of this motion.

BACKGROUND

Defendant was convicted of three (of four charged) counts of failure to file tax returns

starting in 2000.  Following consideration of objections to the drafted Presentence Investigation

Report (Docket No. 91; <u>see</u> Docket No. 95), the revised Presentence Investigation Report

---

[1]In support of this motion, defendant submits his attorney's affirmation with exhibits,
Docket No. 111, his memorandum of law, Docket No. 112, and his reply, Docket No. 115.
In opposition, the Government submitted its memorandum, Docket No. 114.

recommended a sentence of imprisonment for a range of 21 to 27 months to run consecutively

and concluded, under the Sentencing Guidelines, that defendant was ineligible for probation (see

Docket No. 111, Order at 2-3).  Defendant moved for a downward departure or a non-Guidelines

sentence, in order to be incarcerated in a halfway house for the duration of his sentence (Docket

No. 98).  The Order of July 23, 2008, denied defendant's motion (Docket No. 111).

In moving for reconsideration, defendant argues that the Court erred in not recognizing

the full scope of its discretion in sentencing and in either downwardly departing from the

Sentencing Guidelines or imposing a non-Guidelines sentence.  He contends that extraordinary

circumstances need not be presented for the Court to depart from a Guidelines sentence and that

the Court, in expressing its reasons for a departure, need not expressly disagree with the policies

underlying the Guideline sentence.  (Docket No. 112, Def. Memo. at 2.)  Defendant seeks this

reconsideration so this Court could impose a non-Guidelines sentence and allow for probation

and placement in a halfway house to serve his sentence (id. at 2).  Defendant adds further

information about the ongoing care needs of his daughter and steps he has taken with the

licensing authorities in New York surrounding his license following this conviction (id. at 2, 13-

17, 17-18; Docket No. 111, Def. Atty. Affirm. ¶ 16, Ex. A).  Defendant disputes that he would

"automatically" lose his chiropractic license due to this conviction (id. at 17-18)[2].

The Government responds that this reconsideration is merely "'another bite at the apple'

by attempting to relitigate issues exhaustively briefed and argued by the parties, and already

---

[2]As noted in the earlier Order, Docket No. 111, at 9-10, the conviction does not automatically result in a sanction jeopardizing defendant's chiropractic license.  But the conviction opens him to scrutiny by the licensing authorities in the New York State Education Department, as indicated by his efforts to resolve the matter, see Docket No. 112, Def. Memo. at 17-18, that might not otherwise exist absent the conviction.

decided by the Court" (Docket No. 114, Gov't Response at 1).  As a reconsideration, the Government argues that the standard of review is equivalent to reconsideration under Federal Rule of Civil Procedure 59 (id. at 2-4), with reconsideration not "a vehicle 'for a party dissatisfied with a court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion,[]or to secure a rehearing on the merits with regard to issues already decided'" (id. at 3, quoting United States v. Demosthene, 476 F. Supp. 2d 531, 534 (S.D.N.Y. 2004)).  Parsing this Court's earlier Order, the Government contends that this Court exercised its discretion in denying defendant's motion and considered the sentencing factors under 18 U.S.C. § 3553(a) in adopting the Guidelines range (id. at 4-7).  The Government emphasizes that a departure from the Guidelines sought by defendant would require this Court to render some explanation, to allow an appellate court reviewing the sentence to determine whether such a departure was reasonable (id. at 7-11).

As for the merits of defendant's reconsideration motion, the Government responds that defendant has not introduced newly discovered evidence as to his daughter's condition to warrant reevaluation of the Court's position (id. at 11-16).

In reply, defendant argues that the parties agree upon certain points (Docket No. 115, Def. Reply Memo. ¶¶ 1, 2, 3).  He repeats that a requirement that this Court express a specific disagreement with the Guidelines creates an impermissible presumption in favor of the Guidelines sentence (id. ¶ 4).  Defendant argues that the Court may consider additional materials he raises in this reconsideration motion in order to correct clear error or to prevent manifest injustice (id. ¶ 5).  He concludes that any question of the reliability of the additional factual

information concerning his daughter is up to the Court to assess or may be examined in a fact finding hearing (id. ¶ 6).

## DISCUSSION

Defendant requests that this Court reconsider the denial of his motion for a downward departure or imposition of a non-Guidelines sentence upon him.  One alternative sentence he suggests, incarceration in a halfway house, would require that the Court order either a downward departure or impose a non-Guidelines sentence to impose a term of probation, since a sentence to a halfway house could only be imposed if the sentencing range allows for probation and defendant's Guideline sentence is in Zone D and would require a sentence of imprisonment (see Docket No. 111, Def. Atty. Affirm. Ex. C, memo. from Probation Department).

I.      Reconsideration Standard

In order to prevail on this motion to reconsider, defendant must demonstrate that there was an intervening change in the law, newly discovered evidence, or clear error of law or fact that must be reconsidered to avoid manifest injustice, see Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers and Lybrand, 322 F.3d 147, 167 (2d Cir. 2003) (Docket No. 114, Gov't Response at 3; Docket No. 115, Def. Reply Memo. ¶ 5).

II.     Sentencing Guidelines After Booker

The recent case law surrounding the Sentencing Guidelines and whether they are mandatory has resulted in a hodgepodge as to the authoritativeness of the Guidelines.  On the one hand (in gross generalization), the Guidelines are now advisory and sentencing courts have the discretion to deviate from its former strictures when warranted, see United States v. Booker, 543 U.S. 220 (2005); Kimbrough v. United States, 552 U.S. ___, ___, 128 S.Ct. 552, 574 (2007);

4

Gall v. United States, 552 U.S. ___, ___, 128 S.Ct. 586, 595 (2007) (no presumption of

unreasonableness for non-Guidelines sentences); Rita v. United States, 551 U.S. ___, ___,

127 S.Ct. 2456, 2465 (2007) (no presumption that Guidelines sentence should apply).  Thus, the

sentencing court may have a case that "falls outside of the 'heartland' to which the Commission

intends individual Guidelines to apply" or one that "the Guidelines sentence itself fails to

properly reflect § 3553(a) considerations, or perhaps because the case warrants a different

sentence regardless," Rita, supra, 127 S.Ct. at 2465 (see Docket No. 112, Def. Memo. at 6).

On the other hand, the Guidelines are the starting point and should inform the Court of

each step in the sentencing process, see Gall, supra, 128 S.Ct. at 594; Kimbrough, supra, 128

S.Ct. at 574; United States v. Cutler, 520 F.3d 136, 163 (2d Cir. 2008).  Any departure from the

Guidelines process has to be explained so that an appellate court can sort through why the

sentencing court deviated from what is otherwise accepted policy decisions as to a range of

sentences (see Docket No. 114, Gov't Response at 8), see also 18 U.S.C. § 3553(c) (at sentencing

court must state reasons for imposition of particular sentence, including specific reasons for

sentence outside of range set forth in § 3553(a)(4)).  As found by the Court in Rita, supra,

127 S.Ct. at 2468, "the sentencing judge should set forth enough to satisfy the appellate court that

he has considered the parties' arguments and has a reasoned basis for exercising his own legal

decisionmaking authority."  The Court continues that "by articulating reasons, even if brief, the

sentencing judge not only assures reviewing courts (and the public) that the sentencing process is

a reasoned process but also helps that process evolve," id. at 2469.  While the Court has

discretion in sentencing, it is not without restraints under the Sentencing Reform Act, 18 U.S.C.

§ 3553, and the "advisory" Sentencing Guidelines.

Defendant here initially moved alternatively for a downward departure (in other words, within the Guidelines scheme) or for a non-Guidelines sentence (or, exercise discretion to reject the Guidelines scheme). The former required application of the standards of the Guidelines including policy statements which governed defendant's situation. The latter required the Court to start from the Guidelines and then declare why it was departing from them, see 18 U.S.C. § 3553(a)(5) (court to consider "pertinent policy statement" issued by Sentencing Commission).

Defendant desires a sentence of probation which, under the Guidelines regime, requires a reduction of his offense level. Defendant's Guidelines sentence, however, takes into account defendant's pre-indicted relevant conduct, increasing the offense level beyond which a sentence of probation is warranted (see Docket No. 95, Order of June 2, 2008, at 4-10, rejecting objections to Presentence Report regarding relevant conduct and offense level; Docket No. 111, Order of July 23, 2008, at 2-3, 11-12). Instead of focusing on this aspect of his sentence, defendant raises facts about his personal situation that he believes should warrant a reduced sentence.

The reasons defendant gave for either a downward departure or forgoing the Guidelines entirely (the dependent care needs of his daughter; his practice and his employees; his civic and community activities; his acceptance of responsibility and cooperation with authorities during the course of this case; the relative magnitude of the offenses of conviction) either singly or collectively do not warrant such treatment.

III.    Downward Departure

On each of the grounds presented by defendant, the Court declines to depart from the policy statements of the Guidelines respecting them. The Guidelines have policy statements or provisions that address each reason defendant offers, see Sentencing Guidelines §§ 5H1.6 (family

circumstances), 5H1.2, 5H1.5 (education and vocational skills, employment record), 5H1.11

(civic and charitable activities of defendant), 3E1.1 (acceptance of responsibility), and provision

for departure for a "mitigating circumstance," id. § 5K2.0.  Thus, a downward departure would

require reasons for not applying the Guidelines scheme (and resulting sentence) to this defendant.

The Court declines to exercise its discretion to do this.  The relevant policies cited above for the

grounds raised by defendant are consistent with the Sentencing Reform Act's emphasis

(discussed in Part IV, below) on just two factors to impose uniform sentencing–the type of

offense of conviction and the criminal history of the offender.

IV.    Departure from Guidelines

      Alternatively, defendant urges that the Court depart from the Guidelines for the reasons

stated for granting a downward departure.

      One sentencing factor that the Court must consider is "the need to avoid unwarranted

sentence disparity among defendants with similar records who have been found guilty of similar

conduct," 18 U.S.C. § 3553(a)(6) (see also Docket No. 111, Order at 12).  The Sentencing

Reform Act focuses upon the offense and defendant's criminal history, 18 U.S.C. § 3553(a)(1),

see id. § 3553(a)(2)(A)-(C) (sentence to reflect seriousness of offense, adequate deterrence,

protection of public), while considering other factors (such as the defendant's needs for

vocational or educational training, id. § 3553 (a)(2)(D), providing restitution to victims, id.

§ 3553(a)(7)) as part of his rehabilitation and determining the appropriate setting for his sentence,

as well as considering the Sentencing Guidelines policies applicable for a given sentence, id.

§ 3553(a)(4)(A), (5).

While the Court has the discretion to impose a non-Guideline sentence if a case falls outside of the "heartland" of cases the Sentencing Commission uses in establishing the policies for the range of sentences, or if the Guidelines fail to reflect the Sentencing Reform Act considerations, or a different sentence is warranted altogether, see Rita, supra, 127 S.Ct. at 2465, exercise of this discretion is not compelled in defendant's case.  In Rita itself, the Supreme Court affirmed a sentence in which the district court declined to impose a non-Guidelines sentence and held that the Guideline range is presumptively reasonable, 127 S.Ct. at 2461-62, 2459.  This case falls within the cases the Sentencing Commission considered in creating the policies for sentencing failure to file tax returns over multiple years.  As discussed above regarding downward departure, the Guidelines policies here cover the statutory requirements of the Sentencing Reform Act.

Despite the sentences from this Court in other, recent prosecutions for failure to file tax returns (cf. Docket No. 111, Order at 14 (discussing failure to file prosecutions in this District that were plead and sentenced to terms of probation)), sentences based upon the amount of taxes and the criminal histories of the defendants would yield a sentence similar to defendant's Guideline range here.  Defendant's grounds for a downward departure or non-Guidelines sentence would require imposing a sentence different from other defendants with a similar record based upon factors that the Sentencing Commission has rejected.  To consider the grounds defendant raises in his motion would disintegrate the uniformity of sentences for similarly situated defendants because the focus of defendant's motion shifts from his criminal history and the offense of conviction to his personal situation.  Sentencing on this basis under the Guidelines would render unique sentences for each defendant based upon his or her personal circumstances.

But even exercising its own discretion outside of the Guidelines regime, the Court also finds that

these grounds do not warrant the sentencing disparity defendant requests.

The only other possible basis for a non-Guidelines sentence is the <u>Rita</u> Court's

unspecified basis that somehow warrants a different sentence regardless of the Guidelines,

127 S.Ct. at 2465.  Although defendant argues that no rationale needs to be given for a sentence

on this basis (<u>see</u> Docket No. 112, Def. Memo. at 2), this Court will not exercise such broad

discretion without some justification.  No one factor mentioned by defendant compels this Court

to depart from the Guidelines.  Defendant's care arrangements for his daughter and her

dependence upon him–given his conviction now tragic–is not enough to warrant a disparate

sentence.  Defendant's practice and the affect of defendant's imprisonment on his employees,

again while tragic, is not compelling to warrant a non-Guidelines sentence or a downward

departure.  The policy underlying the Guidelines rejection of a defendant's business affairs as a

reason to deviate from the Guidelines remains sound.  Otherwise, any professional or business

person would argue the impact of his or her sentence on employees or clients in order to get a

lesser sentence and create unwarranted disparity among similarly situated offenders (in offense

and criminal history).  The Guidelines make these considerations irrelevant to sentencing.  On

defendant's charitable works, this introduces another irrelevant factor to the offense and

defendant's criminal history that may lead to diversity in sentences with similar offenders but

who may have done less (or more) charitable work prior to sentencing.  Defendant's conduct

during the investigation and trial as proof of his acceptance of responsibility was addressed in

rejection of his objection to the Presentence Report and its recommended denial of credit under

Sentencing Guidelines § 3E1.1 (Docket No. 95, Order of June 2, 2008, at 12-13; Docket No. 111,

Order of July 23, 2008, at 10-11).  Viewed apart from the Guidelines (as difficult as this could be since acceptance of responsibility–especially acceptance short of pleading guilty, is a Guidelines concept), the fact that defendant assisted investigators as charges were in the offing and his attorney cooperated in admission of evidence at trial does not warrant a different sentence than other defendants charged with the same offense but who did not similarly cooperate.  The last ground raised by defendant, the egregiousness of the underlying offense, is not a basis for a non-Guidelines sentence.  This ground goes to the policy decision as to the severity of punishment for this misdemeanor offense in the Guidelines regime, including counting unindicted (or indicted by not convicted) relevant conduct.

Taking these grounds together and upon reconsideration, these do not support imposing a sentence disparate from other similar offenders.  As a result, there was no clear error that must be reconsidered to avoid manifest in justice in the previous Order.  Defendant's motion for reconsideration is **denied**.

The result in Rita v. United States is instructive.  In Rita, defendant moved for downward departure or for a non-Guidelines sentence following his false statement conviction based upon the special circumstances of his health, fear of retaliation in prison, and military record, 127 S.Ct. at 2461-62, 2469.  The district court rejected those grounds and imposed a sentence at the bottom of the Guidelines range, id. at 2462, 2469.  The Supreme Court affirmed that sentence, upholding the procedure used by the district court in considering defendant's arguments and finding that the circumstances were "insufficient to warrant a sentence lower than the Guidelines range," 127 S.Ct. at 2469, and that the extent of the district court's discussion was within the sentencing

judge's discretion, id.  As in Rita, the grounds cited by this defendant to support either a non-Guidelines sentence or for a downward departure are insufficient.

CONCLUSION

For the reasons stated above, defendant's motion for reconsideration (Docket No. 111) is **denied**.

So Ordered.

_/s/ Hugh B. Scott_
_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       August 27, 2008