UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              v.

JOHN E. WEISBERG,

                             Defendant.

**Hon. Hugh B. Scott**

07CR66Sc

**Order**

Before the Court are defendant's motion for release pending appeal and stay of his surrender date pending resolution (including any appeal) of this motion (Docket No. 129[1]). After argument of this motion, on November 12, 2008, the Court extended the surrender date from November 14, 2008 (see Docket No. 125, Amended Judg. at 2), to November 28, 2008 (Docket No. 139).

## BACKGROUND

Defendant was indicted on March 22, 2007, for four counts of willful failure to file tax returns for tax years 2000-2003, a misdemeanor in violation of I.R.C. § 7203 (Docket No. 1). The parties consented to proceed before the Magistrate Judge to conduct the misdemeanor trial (Docket No. 71). Following a two-week jury trial in January and February 2008, defendant was convicted of three of the four counts alleged (see Docket No. 84).

---

[1] In support of his motion, defendant filed his attorney's affirmation and exhibits, Docket No. 129, and memorandum of law, Docket No. 130. In opposition, the Government filed its response, Docket No. 138.

After argument of defense objections to the presentence investigation report (Docket No. 95), the Court scheduled the filing of papers regarding sentencing (id.). The Court denied his motion for downward departure or imposition of a non-Guidelines sentence (Docket No. 110) and denied reconsideration of this motion (Docket No. 116). Defendant was released on conditions pending sentencing, see 18 U.S.C. § 3143(a)(1) (see Docket No. 129, Def. Atty. Affirm. ¶ 6). Defendant was sentenced on August 27, 2008, to a prison term of 21 months, followed by supervised release (id. ¶ 7; text minute entry, Aug. 27, 2008). He was granted voluntary surrender and eventually given until November 14, 2008 (Docket No. 125, Am. Judg. at 2) (now November 28, 2008, Docket No. 139), to surrender (Docket No. 129, Def. Atty. Affirm. ¶ 8). Following entry of the initial Judgment (Docket No. 118), defendant filed his Notice of Appeal (Docket No. 122) and the appeal is pending under a briefing schedule based upon the date of the filing of the sentencing transcript (Docket No. 127; see Docket No. 129, Def. Atty. Affirm. ¶¶ 10, 11).

Defendant now moves for release pending appeal, arguing that he meets the four factors for granting such relief. In particular, he contends that his appeal raises a substantial question of law and, if he prevailed, would change his sentence either to a non-jail sentence or one reduced to be equivalent to the time for perfecting an appeal. (Docket No. 130, Def. Memo.)

**DISCUSSION**

There is a presumption that, whenever a defendant is found guilty of a federal offense and is sentenced to a term of imprisonment, the defendant shall begin serving that sentence notwithstanding the appeal of that conviction or sentence, United States v. Alston, Criminal Action No. 02-0057, 2006 U.S. Dist. LEXIS 34447, at *3-4 (D.D.C. May 30, 2006); see

18 U.S.C. § 3143(b)(1).  For the Court to grant defendant release pending appeal, it must find that, if released, defendant is not likely to flee; that defendant has demonstrated by clear and convincing evidence that he is not likely to pose a danger to the safety of any other person or community; that the appeal is not for the purpose of delay; and, where the appeal challenges the sentence, whether the issue raises a substantial question of law or fact likely to result in a sentence that does not include a term of imprisonment or a reduced sentence to a jail term which is less than the combined total of the time already served by the defendant and the expected duration of the appeal process, 18 U.S.C. § 3143(b)(1)(A), (B) (Docket No. 129, Def. Atty. Affirm. ¶ 12; Docket No. 130, Def. Memo. at 2; Docket No. 138, Gov't Response at 2).  The convicted defendant bears a heavy burden in arguing for release pending appeal (Docket No. 138, Gov't Response at 1-2), see United States v. Hart, 906 F. Supp. 102, 104 (N.D.N.Y. 1995).

Most of the statutory factors (defendant's likelihood of flight, his likelihood of danger to others, whether the appeal is for purpose of delay) appear not to be in dispute (see Docket No. 129, Def. Atty. Affirm. ¶¶ 13-19; cf. Docket No. 138, Gov't Response at 2).  At issue here is the last finding, that the appeal raises substantial questions that would significantly impact defendant's sentence.  This, in turn, can be broken into two sub parts, whether defendant raises a substantial question of law or fact in his appeal and whether the sentence after this appeal process will be reduced (either to no imprisonment or to time served plus the period of the release pending the appeal) as a result of resolution of the substantial factual or legal question.

I.      Substantial Question of Law

In this circuit, a "substantial question of law" is "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way," United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985), quoted favorably and adopted in United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985) (Docket No. 130, Def. Memo. at 3; Docket No. 138, Gov't Response at 3).

Here, the parties rehash the arguments made (and repeated) regarding the scope of the sentencing Court's discretion in the post-Booker[2] sentencing environment. Defendant repeats that this Court erred in giving "undue deference" to the Sentencing Guidelines in not granting him a non-Guidelines sentence, concluding that these arguments raise substantial questions of law that warrant his release pending appeal (Docket No. 130, Def. Memo. at 2-3, 4-11). The Government replies that the sentence imposed is correct and that the Court correctly applied the sentencing factors (starting from the Guidelines and reviewing other factors), exercising its discretion in rejecting defendant's grounds for imposition of a non-Guidelines sentence, concluding that defendant has not raised a "close" "substantial question" of law to merit release pending appeal (see Docket No. 138, Gov't Response at 3-6).

The appellate issue is whether this Court abused its discretion under the new post-Booker sentencing regime in not granting defendant a non-Guidelines sentence. For purposes of this motion, the issue further boils down to whether that question is "close" or raises a "substantial question of law" to warrant defendant's release. The exercise of discretion in sentencing in imposing a non-Guidelines sentence may go the other way (or a different way), as is inherent in

---

[2]United States v. Booker, 543 U.S. 220 (2005).

any discretionary decision. But the question is whether there was the <u>abuse of discretion</u> in not granting the relief defendant seeks and whether he raises even a "close" question to be deemed sufficiently substantial to justify his release pending appeal. That question approaches the merits of the pending appeal and the issue previously considered by this Court in defendant's motion for reconsideration. Rather than decide defendant's motion for release on this ground, the Court next considers the second part of this factor, whether the appeal would significantly reduce the sentence.

II.     Reversal Likely to Significantly Reduce Sentence

The last part of the last factor for granting a release pending appeal is whether the appeal will reduce the sentence to either a non-imprisonment sentence or reduce the term to equal to (in this case) the time for completion of the appeal. Defendant believes that, if he prevails on appeal, he would be resentenced as if this were a pre-Guidelines case and the Court would grant him a non-jail sentence, since the Guidelines are advisory (Docket No. 130, Def. Memo. at 12, citing pre-Guidelines case, <u>United States v. Eaken</u>, 995 F.2d 740, 743 (7th Cir. 1993)). <u>Eaken</u> also is distinguishable because the court there had options in sentencing (including imposition of a fine) that would have resulted in a reduced sentence to justify release pending appeal, <u>id.</u> Defendant also cites a Guidelines case, <u>United States v. Antico</u>, 123 F. Supp. 2d 285, 290 (E.D. Pa. 2000), where the appeal may have recalculated the consequential loss involved and made that defendant eligible for probation (<u>id.</u>).

The Government argues that it is unlikely this Court would render a new sentence under twelve months, the period the Government believes would be the expected duration of an appeal (Docket No. 138, Gov't Response at 8). "The same factors under [18 U.S.C. §] 3553(a) still

5

compel a 21-27 month sentence even if the Court is found to have erred as a procedural matter" (id.).

Defendant's view would be correct if the Court acts as if the Guidelines never existed or were repealed. The sentencing scheme after Booker, Gall v. United States, 552 U.S. ___, ___, 128 S.Ct. 586, 594 (2007), and Kimbrough v. United States, 552 U.S. ___, ___, 128 S.Ct. 552, 574 (2007), however, require the sentencing Court start from the Guidelines and be informed by those Guidelines as it exercises its discretion in sentencing a defendant. This case law did not abolish the Guidelines to restore the full discretion scheme that existed before enactment of the Sentencing Reform Act, cf. Eaken, supra, 995 F.2d at 743.

If this sentence is vacated on appeal, the Court again would have to engage in the analysis of the factors under § 3553(a), including the Guidelines and their policy statements, in re-sentencing defendant. The circumstances defendant has argued the Court consider in imposing either probation or a less than twelve months imprisonment would require the Court to find that his case is either outside of the "heartland" of cases for the offense of failure to file tax returns that the Sentencing Commission considered in setting the policies for the range of the sentence for that offense by similar defendants or find that "the Guidelines sentence itself fails to properly reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless," Rita v. United States, 551 U.S. ___, ___, 127 S.Ct. 2456, 2465 (2007), on some other, unspecified basis. Defendant's family and professional obligations are two of numerous factors the Court would have to consider (and did consider) in sentencing, including the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentenced imposed to reflect the seriousness of the offense, to promote respect for the law,

and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, 18 U.S.C. § 3553(a)(1), (2), avoiding unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, id. § 3553(a)(6), providing restitution to victims, id. § 3553(a)(7), as well as considering the kinds of sentences and sentencing ranges available and policy statements from the Sentencing Commission, id. § 3553(a)(3), (4), (5) (see also Docket No. 111, Order at 12).

United States v. Alston is instructive on whether a change in sentence due to an appeal of a post-Booker sentence was substantial enough to allow for defendant's release pending appeal. 2006 U.S. Dist. LEXIS 34447. Like defendant, the defendant in Alston had a medical and family situation that she argued should preclude a term of imprisonment. In Alston, defendant was sentenced to twelve months total in custody (with the first six month imprisonment followed by six months in home detention) following her guilty plea to conspiracy to defraud a federal agency, id. at *1-2. Defendant then was diagnosed with multiple sclerosis and moved to modify and stay her sentence to avoid imprisonment, id. at *2. Defendant appealed the denial of her 18 U.S.C. § 2255 motion and moved for release pending that appeal, id. at *3. The United States District Court for the District of Columbia denied the stay of execution of her sentence where defendant failed to establish that, even if Booker applied retroactively in her case, the appeal would result in a sentence that did not include incarceration or was reduced, id. at *10. A Booker remand there would have the court apply an advisory Guidelines sentence "under which this Court, in its discretion, would consider her multiple sclerosis as a factor in sentencing," id. at

*10. The court reaffirmed that defendant's ailment did not warrant an adjustment in her sentence, id., as well as the court's desire not to grant a downward departure due to the hardship of her sentence to her two minor children, after balancing that fact with her criminal history and the circumstances of the offense, id. at *12-13. The court confirmed that the sentence it would have imposed in the exercise of its discretion and weighing § 3553(a) sentencing factors "would not have imposed a different sentence" under a post-Booker sentencing analysis, id. at *14. Thus, "there is nothing to suggest that the Court would impose a sentence that does not include incarceration or a reduced sentence of shorter duration than the expected length of the appeal process," and defendant failed to meet the release pending appeal requirement of § 3413(b)(1)(B)(iii) or (iv), id. at *14-15.

For defendant to obtain a release pending appeal here, he needed to show that the substantial legal question would likely result in a reduced sentence. But under his theory that this Court has broader discretion to sentence than it exercised, a new sentence on appeal may not result in a lesser sentence. While others may reach different conclusions applying the calculus of statutory factors and defendant's circumstances in reaching a sentence, as in Alston it is not likely that this Court would resentence defendant following an appeal to a lesser sentence to achieve a non-jail (or appellate period) sentence. Thus, on this basis, defendant's motion for release pending his appeal is **denied**.

III.     Stay of Surrender Date

Defendant alternatively moves for a stay of his surrender date pending appeal from an adverse decision on this motion, but this motion was based upon the former surrender date of November 14, 2008 (Docket No. 130, Def. Memo. at 13). Following oral argument of this motion, on November 12, 2008, this Court granted a brief extension of the surrender date, from November 14, 2008, to November 28, 2008 (Docket No. 139). The request to stay that date beyond November 28, 2008, is **denied** without prejudice to renewing that application in his appeal to Chief Judge Arcara, see 18 U.S.C. §§ 3143(b)(1) ("judicial officer" may release), 3156(a)(1) ("judicial officer" defined as any person or court under § 3041 with power to detain); see also Fed. R. App. P. 9(b), (c) (release after judgment of conviction, standard pursuant to § 3143).

## CONCLUSION

For the reasons stated above, defendant's motion for release pending appeal (Docket No. 129) is **denied** and a further stay of his surrender date (currently by November 28, 2008) (Docket Nos. 129, 139) is **denied without prejudice to renewal before Chief Judge Arcara**.

So Ordered.

                                                                  /s/ Hugh B. Scott
                                                                Honorable Hugh B. Scott
                                                                United States Magistrate Judge

Dated: Buffalo, New York
       November 25, 2008