UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Appellee,

                 DECISION AND ORDER
  v.                   07-CR-066A

JOHN E. WEISBERG,

        Defendant/Appellant.

---

## **INTRODUCTION**

  Following his conviction on three counts of failing to file an income tax return in violation of 26 U.S.C. § 7203, the defendant, John Weisberg, was sentenced by Magistrate Judge Hugh B. Scott[1] to a term of 21 months' imprisonment, followed by one year of supervised release. The defendant timely appealed his sentence to this Court. On appeal, the defendant argues that the Magistrate Judge committed various procedural errors during sentencing. Specifically, he claims that the Magistrate Judge failed to appreciate the extent of his discretion to impose a non-Guidelines sentence and that he erroneously applied a presumption of reasonableness to the advisory Guidelines range. For the reasons stated, the Court remands the matter for resentencing.

---

[1] The defendant consented to have Magistrate Judge Scott preside over this case.

## BACKGROUND

Because the defendant challenges only his sentence on appeal, and not his conviction, the Court will address only those facts relevant to the sentencing proceeding.

An initial presentence investigation report ("PSR") prepared by the United States Probation Office recommended that the defendant's adjusted offense level was 18, his criminal history was 1, and his advisory Guidelines range was 27 to 33 months. The defendant objected to the PSR and on June 2, 2008, Magistrate Judge Scott filed an order resolving those objections. The Magistrate Judge determined that the defendant's adjusted offense level was 16, his criminal history category was 1, and his advisory Guidelines range was 21 to 27 months. In that same order, Magistrate Judge Scott determined that, because the maximum sentence for each of the defendant's three convictions was 12 months, pursuant to U.S.S.G. § 5G1.2(d), consecutive sentences would be imposed to the extent necessary to achieve the advisory Guidelines range of 21 to 27 months.

The defendant then moved for a downward departure, or alternatively, for a non-Guidelines sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005). As grounds for his motion the defendant cited: (1) his extraordinary family circumstances which involve caring for his special needs daughter; (2) his ongoing obligations to his active chiropractic patients; and (3) the impact of the defendant's sentence on his three employees. The government opposed the defendant's motion and urged the Court to sentence the defendant within the advisory Guidelines range.

2

On July 23, 2008, Magistrate Judge Scott issued an order denying the defendant's motion for a downward departure or for a non-Guidelines sentence. Citing the Second Circuit's decision in *United States v. Cutler*, 520 F.3d 136, 155-56 (2d Cir. 2008), the Magistrate Judge determined that

> The Court, under [*Cutler*], would have to express its disagreement with the policy decision underlying the Guidelines in imposing either a downward departure or a non-Guidelines sentence.

*See* Dkt. 110, at 6, *see also id.* at 11 (citing *Cutler* for the proposition that "even a departure in the advisory Sentencing Guideline era requires a stated disagreement with the policies for the Guidelines sentence.")

Based upon that understanding of his authority, the Magistrate Judge found that, although the situation involving the defendant's disabled daughter was "tragic," a departure was unwarranted because "[t]he Court does not object to the policy underlying defendant's Guidelines sentence," *id.* at 11, and "[t]he factors the defendant suggests should warrant either a downward departure or imposition of a non-Guidelines sentence, collectively are not so extraordinary as to justify a departure." *Id.* at 12. Accordingly, the Magistrate Judge denied the defendant's motion for either a downward departure or a non-Guidelines sentence and found that consideration of the statutory factors under 18 U.S.C. § 3553(a) "indicate that the defendant should be incarcerated within the Guideline range." *Id.* at 13. In that same decision, Magistrate Judge Scott determined that he would not impose a sentence at the high end of the advisory Guidelines range, as requested by the government.

The defendant then moved for reconsideration of Magistrate Judge Scott's

3

decision to impose a within-the-guidelines sentence. The government opposed the motion, and on August 27, 2008, the Magistrate Judge issued an order denying reconsideration. *See* Dkt. 116. In his order, Magistrate Judge Scott again reiterated his understanding that:

> While the Court has the discretion to impose a non-Guideline sentence if a case falls outside the 'heartland' of cases the Sentencing Commission uses in establishing the policies for the range of sentences, or if the Guidelines fail to reflect the Sentencing Reform Act considerations, or a different sentence is warranted altogether, *see Rita, supra*, 127 S. Ct. at 2465, exercise of this discretion is not compelled in the defendant's case. In *Rita* itself, the Supreme Court affirmed a sentence in which the district court declined to impose a non-Guidelines sentence and held that he Guideline range is presumptively reasonable.

*Id.* at 8. The Magistrate Judge also expressed concern that imposing a non-Guidelines sentence on the grounds cited by the defendant "would disintegrate the uniformity of sentences for similarly situated defendants because the focus of defendant's motion shifts from his criminal history and the offense of conviction to his personal situation. Sentencing on this basis under the Guidelines would render unique sentences for each defendant based upon his or her personal circumstances." *Id.* Ultimately, the Magistrate Judge concluded that "[t]he Guidelines make these considerations irrelevant." *Id.* at 9. Accordingly, the Magistrate Judge denied the motion for reconsideration.

After filing the order denying consideration, the Magistrate Judge held a sentencing proceeding wherein he imposed a sentence of 12 months' incarceration on counts one and two, to run concurrently, and nine months on the remaining count, to run consecutive to counts one and two, for a total punishment of 21 months'

4

incarceration.

The defendant timely appealed his sentence. The Court heard oral argument on the appeal on January 16, 2009, and reserved decision. In the meantime, the Court continued the defendant's bail pending appeal subject to the release conditions previously imposed.

## DISCUSSION

**A.     Standard of Review**

As stated, the defendant challenges only his sentence on appeal, not his conviction. A sentence imposed post-*Booker*[2] must be reviewed for reasonableness under a standard that is "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006); *see also Gall v. United States*, 128 S. Ct. 586, 594 (2007) ("[T]he *Booker* opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions."). In reviewing under this standard, the Court must first ensure that the sentencing court committed no procedural errors, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall*, 128 S. Ct. at 597. Once the reviewing court is satisfied that there are no procedural errors, it must then

---

[2] *See United States v. Booker*, 543 U.S. 220 (2005).

determine whether the length of the sentence is reasonable in light of the § 3553(a) factors. *See id.* at 599 (holding that absent any procedural error, "the only question for the [reviewing court is] whether the sentence was reasonable–i.e., whether the [sentencing judge] abused his discretion in determining that the § 3553(a) factors supported [the] sentence").

**B.   Procedural Errors at Sentencing**

The defendant argues that the Magistrate Judge committed procedural errors at sentencing. First, he argues that the Magistrate Judge erroneously applied a presumption of reasonableness to the Guidelines. Second, he argues that the Magistrate Judge erred in concluding that he could not depart from the applicable Guidelines absent some specified disagreement with its policy statements. Third, he argues that the Magistrate Judge erroneously failed to consider the impact of the defendant's incarceration on third parties, including his disabled daughter, his employees and his patients.

The government opposes the appeal arguing that the Magistrate Judge determined the appropriate Guidelines range and imposed sentence within that range even though he recognized his authority to impose a non-Guidelines sentence.

Because the defendant has not identified any error with respect to the Magistrate Judge's determination as to the appropriate advisory Guidelines calculation, the Court affirms Magistrate Judge Scott's determination that the advisory Guidelines range was 21 to 27 months. Nevertheless, the Court finds that remand is warranted because the

Magistrate Judge committed procedural errors at sentencing.

First, the Magistrate Judge erroneously presumed that a within-the-Guidelines sentence should be applied absent extraordinary circumstances. In his initial sentencing decision, the Magistrate Judge found that "[t]he factors defendant suggests should warrant either a downward departure or imposition of a non-Guidelines sentence, collectively are not so extraordinary to justify a departure." *See* Dkt. 110, at 12. This was error because the Supreme Court made clear in *Gall* that post-*Booker*, there is no requirement that a sentencing court find "extraordinary circumstances" in order to justify the imposition of a non-Guidelines sentence. *See Gall*, 128 S. Ct. 595 ("We reject . . . [a] rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range" as it comes too close to creating "an impermissible presumption of unreasonableness for sentences outside the Guidelines range"). While under the pre-*Booker* regime, a sentencing court was required to find the existence of "extraordinary circumstances" that would take the case outside of the "heartland" of criminal cases before imposing a sentence outside of the then-mandatory Guidelines range, such a finding is no longer required. Post-*Booker*, a court need not find extraordinary circumstances to justify the imposition of a non-Guidelines sentence. *See United States v. Rivera*, 448 F.3d 82, 85 (1st Cir. 2006) ("[A] party need not make an 'extraordinary' showing in order to persuade the district court that a sentence below the [advisory guidelines range] is warranted."). As the Ninth Circuit recently explained:

> The system of downward departures that still guides the sentencing court's determination of the Guidelines recommended range as required under § 3553(a)(4) does not preclude the court's discretion to consider other § 3553(a) factors. As we stated in *United States v. Mohamed*, 459

> F.3d 979 (9th Cir. 2006), "if a district court were to employ a post- *Booker* 'departure' improperly, the sentencing judge still would be free on remand to impose exactly the same sentence by exercising his discretion under the now-advisory guidelines." *Id.* at 987. Just because a consideration was improper under the mandatory Guidelines regime does not mean that it is necessarily improper under the advisory Guidelines regime.

*United States v. Garcia*, 497 F.3d 964, 971 (9th Cir. 2007). The Second Circuit recently articulated that same point in a decision that was issued after this appeal was filed:

> It is now . . . emphatically clear that the Guidelines are guidelines–that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense. District judges are, as a result, generally free to impose sentences outside the recommended range. When they do so, however, they must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. In this way, the district court reaches an informed and individualized judgment in each case as to what is sufficient, but not greater than necessary to fulfill the purposes of sentencing.

*United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotations and citations omitted).

The Magistrate Judge also erroneously applied a presumption of reasonableness to the advisory Guidelines range. In denying the motion for reconsideration, the Magistrate Judge stated that "the Supreme Court . . . held that the Guideline range is presumptively reasonable." *See* Dkt. 116, at 8. On the contrary, the Supreme Court has made clear that *no presumption of reasonableness* should be applied *by the sentencing court*.[3] The Court recently reiterated this point in *Nelson v. United States*,

---

[3] Rather, the presumption of reasonableness exists only at the appellate level. *See Rita v. United States*, 551 U.S. 338 (2007).

8

wherein it stated:

> The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable. We think it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness to [the defendant's] Guidelines range. Under our recent precedents, that constitutes error.

*Nelson v. United States*, 129 S. Ct. 890 (2009) (emphasis in original). In that case, the sentencing court had expressed its erroneous view that "'the Guidelines are considered presumptively reasonable,' so that 'unless there's a good reason in the [§ 3553(a)] factors . . . , the Guideline sentence is the reasonable sentence." Like the sentencing court in *Nelson,* Magistrate Judge Scott's statement that the "Guideline range is presumptively reasonable" constituted a procedural error that requires remand. Upon remand, the Court cautions Magistrate Judge Scott not to place undue weight on the Sentencing Guidelines' stated goal of uniformity in sentencing. While that is an appropriate factor to consider, it is not the only factor. Factors such as the history and characteristics of the defendant, including the impact that the sentencing would have on the defendant's disabled daughter, are appropriate factors to be considered in arriving at the proper sentence. *See, e.g., United States v. Kon*, No. 04 Cr. 271-03, 2006 WL 3208555, at *5-6 (S.D.N.Y. Nov. 2, 2006) (imposing non-Guidelines, non-incarceration sentence where defendant had no prior criminal history and after considering factors in 18 U.S.C. § 3553(a) and finding that incarceration would damage the defendant's children, who relied on her). In other words, even factors that were otherwise impermissible considerations under the mandatory sentencing regime may be considered in the post-*Booker* era.

Additionally, contrary to the government's contention, the Magistrate Judge was not required to sentence the defendant within the advisory Guidelines range unless he articulated a specified policy disagreement with the Guidelines. While it is true that such a disagreement may provide a reason for imposing a non-Guidelines sentence, *see, e.g., Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007) ("[A]s a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines. . . .")(internal quotation omitted), it does not follow that the *failure to disagree* with the policy statements mandates the sentence be within the advisory Guidelines range. Instead, the Magistrate Judge was free to impose any sentence within or outside the advisory Guidelines range as long as he provided an adequate explanation for the chosen sentence and as the sentence chosen is substantively reasonable.

For the reasons stated herein, the Court finds that remand for resentencing is required. This Court expresses no opinion as to whether a sentence below the advisory Guidelines range should be imposed. That decision rests within the sound discretion of the Magistrate Judge.[4]

---

[4] In *Cavera*, the Second Circuit explained that in reviewing a sentence for substantive reasonableness, the reviewing court should not substitute its own judgment for the sentencing court's judgment "on the question of what is sufficient to meet the § 3553(a) considerations in any particular case," but instead will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera,* 550 F.3d at 189 (emphasis in original) (internal quotations omitted).

C.  **Procedure upon Remand**

As a final matter, the Court observes that Magistrate Judge Scott issued his decision denying a sentence outside the advisory Guideline range *before* the defendant appeared for sentencing. Rule 32 of the Federal Rules of Criminal Procedure provides that before imposing sentence, the sentencing court "must ... address the defendant personally in order to permit [him] to speak or present any information to mitigate the sentence." *See* Fed. R. Crim. P. 32(i)(4)(A)(ii).

Although the Magistrate Judge did provide the defendant with an opportunity to allocute before imposing sentence, as a practical matter, the allocution occurred only after the Magistrate Judge had made up his mind that a within-the-Guidelines sentence was appropriate. There is noting improper about a sentencing court expressing its *preliminary* determination as to an appropriate sentence before hearing from the defendant; however, the court must provide the defendant with an opportunity to speak before making its *final* determination as to the appropriate sentence–including whether a sentence outside the advisory Guidelines range is appropriate. *See, e.g., United States v. Laverne*, 963 F.2d 235, 237 (9th Cir. 1992) (stating that it was not improper for district court to express preliminary determination as to the appropriate sentence before allocution, provided that a final determination was not made before hearing from the defendant); *see also United States v. Wolfe*, 71 F.3d 611, 615 (6th Cir. 1995)(stating that it is normally "preferable for a district court to allow the defendant and his counsel to speak before . . . passing sentence").

11

**CONCLUSION**

For the reasons stated, the matter is remanded for resentencing. In light of the remand and the fact that the defendant has been fully compliant with the terms and conditions of his release, the Court hereby continues the stay of the defendant's sentence for 60 days so as to afford Magistrate Judge Scott an opportunity to resentence the defendant.[5]

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: May 15 , 2009

---

[5] In the event that resentencing cannot be accomplished within that time period, any further requests to stay shall be directed to Magistrate Judge Scott.